UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CR0876 JAR (NCC) |
| | ) | |
| ASHU JOSHI, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSTION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said district, and files its opposition to the defendant's motion to modify conditions of pre-trial release.

1. The Government opposes the defendant's motion to modify conditions of pre-trial release so that he can have access to a computer and the internet. The defendant requests internet usage at his home in order to be employed by a doctor in Kentucky to "manage and evaluate a protocol involving the risk reduction of people with diabetes mellitus and dyslipidemia." The Government has read over the defendant's motion and the attached exhibit and is unsure how or why internet usage is needed for this task. Neither the motion nor the attached letter fully explain what exactly the defendant will be doing for Dr. Ulrich. Due to the brief explanation in the letter, the government is unsure of the following: is the defendant reviewing medical records, and if so, do the patients know and have they given express permission for Ashu Joshi

1

to review their medical records?   Also, the letter states that his primary role would be the design, implantation and evaluation of protocols with a certain software. Is the internet necessary to use this software or can these tasks be performed without the internet? Does the defendant need a medical license for this job? The defendant's medical license is currently being investigated and could be suspended due to the pending charges.

2. Further, the undersigned government attorney has serious concerns with this defendant having access to the internet. The defendant is charged with very serious crimes and two of these crimes were committed on the internet.   With internet access the defendant could easily reach out to the victim in this case or to other minors online. The defendant's main source of communication with the victim during the criminal incidents was through Facebook online.

3. The conditions of the defendant's release, including the prohibition of internet and computer access is reasonable appropriate based on the nature and circumstances of this case. While access to the internet is not expressly prohibited by the Adam Walsh Act, it is very similar to the conditions of released compelled by that statute. The purpose of supervised release conditions, such as the ones required by the Adam Walsh Act, are to ensure that children and victims of crime are protected in these types of cases.   Limiting the defendant's access to the internet protects the victim and other children.    "Congress's stated intention in requiring the described conditions of release was to ensure "that children have additional protection 'from sexual attacks and other violent crimes.' Pub.L. No. 109–248, tit. II, 109 Stat. at 611." *Gardner,* 523

2

F.Supp.2d at 1029. More to the point, in 2003, Congress passed the PROTECT Act, 18 U.S.C. § 2252A, aimed at criminalizing the trafficking of child pornography. *United States v. Williams,* 553U.S. 285, ––––, 128 S.Ct. 1830, 1835, 170 L.Ed.2d 650 (2008)." *U.S. v. Rizzuti,* 611 F.Supp.2d 967, 968, (E.D. Missouri, 2009).

4. The Courts, through the authority of the Bail Reform Act, have discretion to order reasonable restrictions on a defendant's action while he is awaiting trial. "In *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), the Supreme Court noted the breadth of legitimate interests Congress could pursue in restricting pretrial release. 481 U.S. 739, 753, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (rejecting "the proposition that the Eighth Amendment categorically prohibits the government from pursuing other admittedly compelling interests through regulation of pretrial release.") The Court specifically noted that "[t]he government's interest in preventing crime by arrestees is both legitimate and compelling." *Id.* at 749. The Supreme Court further required that bail and release conditions be "reasonably calculated to fulfill" the Government's purpose, *Stack v. Boyle,* 342 U.S. 1, 5, 72 S.Ct. 1, 96 L.Ed. 3 (1951), and that the "only arguable substantive limitation of the Bail Clause [in the U.S. Constitution] is that the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil." *Salerno,* 481 U.S. at 754." *United States vs. Brown,* WL 2757322 *2 (D. Arizona. 2008).

Wherefore, there is a reason, based on the nature of the charges, for the defendant to not

have access to the internet. That condition should be upheld in this case.

                Respectfully submitted,

                JEFFREY B. JENSEN
                United States Attorney

                *s/ Colleen C. Lang*
                COLLEEN C. LANG, #56872MO
                Assistant United States Attorney
                111 South 10th Street, Room 20.333
                St. Louis, MO 63102
                (314) 539-2200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 6, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                *s/ Colleen C. Lang*
                COLLEEN C. LANG, #56872MO
                Assistant United States Attorney