IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:18CR0876 JAR ) |
| ASHU JOSHI, | ) ) |
| Defendant. | ) ) |

### MOTION FOR PRE-TRIAL BOND REVOCATION

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said District, renews their earlier motion for pre-trial trial detention, requests a bond revocation hearing, and moves the Court to order defendant detained pre-trial for violating a condition of his bond. As and for its grounds, the Government states as follows:

1.  Defendant has failed to comply with the instructions of this Court and has violated the condition of his bond that he have no "direct or indirect" contact with the victim in this case.

2.  On October 11, 2018, the defendant was charged in federal court by criminal complaint. The complaint alleged the defendant had produced child pornography of minor child, "MD." A grand jury indictment was filed on October 24, 2018, charging the defendant with Production of Child Pornography, Interstate Transportation of a Minor for a Sexual Purpose, and Transportation of Child Pornography. Defendant was released on bond, over the government's objections, and was ordered, that he "must have no contact with the alleged victim, except under

1

circumstances approved in advance by the Pre-Trial Services Office." Doc. #42.  In a subsequent order, this Court wrote that the defendant shall not have "direct or indirect contact with the victim." Doc. #63.

3. The Government has very serious concerns that the Defendant has been having indirect contact the victim:

a. <u>Victim now has an Attorney that was Recommended to her by the Defendant's Attorney.  The Victim's Attorney and the Victim have been Advocating for  Matters in an Identical Way As the Defendant</u>.

The complaint alleged and facts presented at the detention hearing showed that the forty-seven (47) year old defendant was involved in a sexual relationship with a sixteen-year old female child, "MD," from approximately April of 2018 through October of 2018.  Facebook had notified authorities that the defendant was sending and receiving child pornography photographs of the victim via Facebook messenger.  Law enforcement viewed the photographs Facebook had turned over and found images which depicted the defendant naked and photographing the sixteen-year minor nude. The defendant also had requested, numerous times, through Facebook messenger, that the victim send him photographs of her genitals.  Investigation also revealed that the defendant had driven to Kentucky, where the minor resided, and had brought her to his home in Missouri, where they engaged in illegal sexual intercourse.

In of October of 2018, the undersigned attorney and an investigator interviewed the victim in Kentucky, as well as, Patricia Dole, "MD's" legal guardian. That interview was memorialized in a report and given to the defense. The victim expressed to the investigator that she understood that the defendant had committed a crime; she believed probation was an appropriate resolution to the case and she told investigators that she still had feelings for the defendant.  She also told

investigators that she was pregnant.  Seth Reeves, an attorney based in Kentucky, was present for portions of the interview with MD and her legal guardian, Patricia Dole.

After numerous extensions, the defendant filed a motion to compel discovery on October 7, 2019, and a motion to compel the return of property on October 8, 2019.  Doc. #100, 102. On October 10, 2019, the government extended a plea recommendation to the defendant for five years in prison in exchange for his plea. The government notified the defense that the plea offer expired on October 30, 2019.  Shortly before the October 30th plea offer deadline, the undersigned A.U.S.A. received a call from a St. Louis-based attorney named Tory Bernsen.  Ms. Bernsen said she was representing MD and wanted to convey a message from her that MD wanted the undersigned to recommend probation, not prison time, in the case.  On October 30th, the defense met with the undersigned and her supervisor for a meeting about plea negotiations. The defense agreed to the five year sentence, but with some additional considerations. The defense asked for more time to bring the defendant's brother in to talk him and the government agreed to extend the deadline to November 12. Shortly, thereafter, the undersigned received a call from Ms. Bernsen saying the victim was okay with the five-year recommendation, so long as it did not result in more than a five-year sentence. The undersigned asked Ms. Bernsen how she had become involved in the case, as it is very unusual to have a victim represented, let alone a minor victim in another state with little means to afford an attorney. Ms. Bernsen said the victim had just called her; she was unaware how the victim had gotten her information.  Ms. Bernsen said she had traveled to Kentucky to visit the victim in person.  Later, the undersigned learned from Mr. Juengel that he recommended a couple of attorneys to the victim including, Ms. Bernsen. Ms Bernsen is a former associate of Mr. Juengel.

On Tuesday, November 5, 2019, defendant's attorney, Daniel Juengel, called and requested a meeting with U.S. Attorney Jeffrey Jensen or First Assistant Carrie Costantin about the charges because he wanted to advocate to them for a sentence below five years. During the call, Mr. Juengel repeatedly referred to the victim and the defendant as "they." Stating "they would like to get married," and "they want to be a family." The undersigned expressed concerned that these statements meant that the victim and defendant were having contact, against court order. Mr. Juengel stated that they were not. The undersigned asked for any notes, or statements that the victim had made to Mr. Juengel. Mr. Juengel refused to give them to the undersigned AUSA stating the statements are *Jencks* material and he will not provide them until trial. At this point, the AUSA believed that defendant had only interviewed the victim once in Kentucky in the spring of 2019 and was requesting statements of MD from that interview. Mr. Juengel did not tell the undersigned AUSA that he has at least four (4) conversations with the victim and John Schleiffarth, the other attorney of record for the defendant in this case, has also separately had (4) four conversations with the victim.

On Wednesday, November 6, 2019, the undersigned received a text message from Ms. Bernsen at 1:00 pm stating that "her client is adamant that he not serve time, so much so that she is insisting she speak to Mr. Jensen." Because defendant's attorney had asked to speak to U.S. Attorney Jeff Jenson just the afternoon before about a lesser sentence and the minor child victim was also demanding to speak with USA Jensen, whom she had never mentioned before, and had reversed her stance about the five-year sentence, the undersigned called Ms. Bernsen in the afternoon of November 6th and asked if the victim had been in contact with the defendant. Ms. Bernsen said she was pretty sure that she had not. The undersigned AUSA confirmed with Ms.

Bernsen that she had worked in the past for Mr. Juengel.  The undersigned asked Ms. Bernsen how she was being paid and she refused to answer the question.

The undersigned contacted MD's legal guardian on November 6th in the afternoon. Ms. Dole stated that MD had picked up and moved out with a few months prior with no explanation. MD had moved in with another relative. MD is currently only seventeen-years old.  Ms. Dole was unaware that MD had hired an attorney in St. Louis and said, "I don't know" when asked by the undersigned how MD would pay for an attorney in St. Louis.

On Tuesday, November 26, 2019, the victim and her attorney called the undersigned attorney.  The victim stated she felt that the charges were unfair because the messages and photographs between her and the defendant were private, personal communications, that no one should looking at. A very similar argument to the defendant's motion to dismiss the indictment that had been filed on November 22, 2019.

Based on the fact that the defense and the victim have been arguing identical interests, at the same time this past month the government has concerns that there is communication, both direct and indirect, between the defendant and the victim.

b. <u>A November 8, 2019,  Knox County Court Order Finding the Defendant and the Victim "Married."</u>

As part of an exhibit to the defendant's pre-trial's motions, the defense attached a Knox County, Kentucky Court Order dated November 12, 2019. The Court Order cites that the defendant and the victim are married and references a supposed private religious marriage ceremony that occurred on June 23, 2018.  See attached Exhibit 1.  The proceedings in Knox County Court began on October 1, 2019, with the defendant filing a petition to open a family court case through his attorney in Kentucky, Jennifer Nicholson.  Nowhere in this petition does it

inform the Knox County Court that the defendant is currently charged in federal court with crimes in which MD, the respondent, is the victim, nor does it mention that the victim is a minor. Nor does it mention anywhere that the victim and the defendant are not supposed to have contact. Exhibit 2. The victim, an unrepresented minor seventeen-year old child, then filed a pro se answer to the defendant's petition, with his attorney's assistance, agreeing to his demands. She also waived Service of Process in the matter and signed her answer the immediate next day after the defendant filed his petition.  See Exhibit 3.  The victim then petitions, again with the defendant's attorney substantial assistance, to have their marriage validated. See Exhibit 4. There is no way that the victim and the defendant did not have at least indirect contact in order to make this "marriage" happen on November 12, 2019. Two people do not become married, even if married under Court Order, without some contact.  There is no way that the victim knew that under Kentucky State law that she had to be the one to file the petition for marriage.  Further, under Kentucky law a marriage is not valid between parties where one party is seventeen years old and there is a protective order in place.  See K.R.S. Section 402.205(5)(c) Exhibit 6.  The Court had an order protecting the victim from the defendant in place when this "marriage" occurred, but the Court in Kentucky was not notified of it.

In order for the Court in Kentucky to validate their "marriage," the parties had to have already entered into a solemnized marriage that they needed validating. See K.R.S. Section 402.250, attached Exhibit 5.

The undersigned attorney does not believe the defendant and victim are actually married as there is absolutely no evidence of any solemnized private religious marriage ceremony happening on June 23, 2018, and believes that the defendant has purported a fraud upon the Knox County Family Court.  The victim would have only been sixteen-years old on June 23,

2018, and therefore, unable to be married. K.R.S. Section 402.020.  The victim's legal guardian was unaware until November 27, 2019, that the victim had become married to the defendant and never consented to the marriage.

     c. <u>Perjury Upon the Courts is Violation of Kentucky Law.</u>

Lastly, the government is concerned that since defendant has purported a fraud upon the Courts of Kentucky, by lying in his notarized petition, he committed a misdemeanor crime of perjury.  K.R.S. 523.030.  The defendant filed a motion to dismiss the indictment based on that himself and the victim are now married.  The defendant believes the fraudulent marriage gains him a defense in this case, but by perjuring himself in the court documents this fraud against the Kentucky Courts he has committed a misdemeanor.
The government believes the marriage is a fraud because:

    a. The victim's legal guardian never consented to the marriage and victim was only 16 years old at the time. The victim was not pregnant at the time of the marriage.

    b. The victim and the defendant never had a private, religious ceremony that was solemnized. There is absolutely no evidence of it.

    c. The victim and the defendant never held themselves out as married or told anyone they were married or had a private marriage ceremony before November 22, 2019.  In fact, at the detention hearing in this case in the defense purported that the victim and defendant were only engaged and hoped to be married someday.

    d. The Court in Kentucky was not informed that there were pending charges against the defendant in which MD was the victim, nor was Court informed that MD was a minor and there was a Court order prohibiting contact between the two.

7

WHEREFORE, the Government requests this Court to set a hearing and revoke the defendant off his bond pre-trial for violation of the Court's order.

Respectfully submitted,

JEFFREY B. JENSEN
UNITED STATES ATTORNEY

/s/   *Colleen C. Lang*
COLLEEN C. LANG AUSA, #56872MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney