UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18 CR 876 JAR/NCC |
| ASHU JOSHI, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR PRE-TRIAL BOND REVOCATION**

COMES NOW Defendant, by and through his undersigned counsel, and for his Response to the Government's Motion for Pre-Trial Bond Revocation, states as follows:

**I.   The Government has actively misrepresented information and been disingenuous in their Motion requesting the revocation of Dr. Joshi's bond.**

In March of this year the alleged victim, M.D., wrote a letter to this Court requesting she be allowed to have contact with the father of her baby and allowing Dr. Joshi to be present for the birth of their son. In response to this letter, the Defense filed a Motion for Contact. At the hearing on the matter, the Government disputed the paternity of the child and argued a paternity test would have to be completed. They argued against the position of their own alleged victim. It was also evident that they had not even spoken to the alleged victim about her request. Instead, they relied on Ms. Patricia Dole who they continue to refer to as M.D.'s "legal guardian". See Hearing Transcript, Doc. 145, pg. 29. This "legal guardian" was also a target of this investigation until she started cooperating with the Government. However, Ms. Dole is no longer the "legal guardian" and has not been for some time. She clearly has a conflict of interest in this case. She hired a lawyer at the inception, not for M.D., but for herself. Ms. Dole's statements have changed in the

1

Government's own filings. In the First Motion for Inquiry, the Government represented a false claim made by Ms. Dole to the Court that Defense Counsel Daniel Juengel spoke with M.D. constantly. Then, the Government backed off this claim in a supplemental filing when they represented that Ms. Dole was not sure how often M.D. spoke with Defense Counsel. The Government has also relied on other false statements made by Ms. Dole which will be addressed later in this response.

At the hearing on Joshi's Motion for Contact, the Government argued that they did not want Dr. Joshi to provide support for the child and no supervised visits were appropriate unless a paternity test established Dr. Joshi was the father. The Government provided no aid for this alleged victim or for her child, in fact, they obstructed child support from Dr. Joshi. So, Dr. Joshi hired an attorney in Kentucky, filed the appropriate papers, and a case went before the Kentucky Court. During the course of the proceedings a paternity test was done and determined Dr. Joshi was the father of M.D.'s baby.

The mother of the child and the child had to be involved in the proceeding as DNA must be collected from the child and the mother is a party to the court action.  During the course of these proceedings, the Kentucky Court recognized and validated the couple's marriage. Now the Government claims this whole proceeding, which they argued to initiate, is a violation of his bond.

**II.     The marriage between Dr. Joshi and M.D. is legal and valid.**

The Government alleges that Dr. Joshi and M.D. must have had contact in order for the Kentucky Court, to have entered an order recognizing their marriage ceremony as legal and valid. Kentucky law allows parties to petition for legal recognition of a marriage. In the case of Dr. Joshi and M.D., the Kentucky Court affirmed their marriage of June 23, 2018 as legal and valid. However, the prosecutor contends that because the defense of marriage was not raised prior to the

2

entry of the court order, the marriage must be a fraud. The prosecutor has been in possession of countless Facebook messages between M.D. and Dr. Joshi since the inception of this case in which they refer to each other as husband and wife[1]. A partial review of the Facebook messages, between M.D. and Dr. Joshi, for the most recent 2 months prior to Facebook disabling Dr. Joshi's account, reveal M.D. was referred to as wife 143 times, Dr. Joshi was referred to as husband 63 times, Dr. Joshi was referred to as hubby 18 times, and the couple made more than 75 references to them being a family, for a total of more than 299 times over 60 days – almost an average of almost 5 times every day! They further speak of not wanting to make their marriage public until after M.D. is 18 years old. A similar request was made more than once by her mother when she facilitated this romantic and sexual relationship leading to a marriage between the two[2]. Facebook messages between Dr. Joshi and Patricia Dole affirm that she gave her consent and blessing to the marriage multiple times[3].

    Dr. Joshi and M.D. agree that they are married to each other. A Kentucky Court agrees that they are legally married. The Government states that they must be committing a fraud despite the Facebook messages they had in their possession since the inception of this case, and were provided on November 25, 2019 by Defense Counsel, which specifically address their marriage. See Exhibit 1 in its entirety. The lawful order of the Kentucky Court, with proper jurisdiction, is the appropriate final word with regard to the marriage of M.D. and Dr. Joshi. To Defense Counsel's knowledge, there was no improper contact involved in the Petition which was filed or in its subsequent ratification. Kentucky law was followed. By trying to undermine the ruling from a Kentucky judge,

---

[1] Sample of messages attached in Exhibit 1, Messages 1 through 8. Counsel would note for the Court that, in order to logically read the messages, they must be read from the bottom of each page to the top.
[2] Sample of messages attached in Exhibit 1, Message 9
[3] Samples of messages attached in Exhibit 1, Messages 10 through 12.

in good standing, with the appropriate and SOLE jurisdiction over the issue of marriage, the Government has strayed far outside their jurisdiction.

Additionally, while noting that marriages are entirely a State and not a Federal matter, a simple reading of the statute cited by the Government reveals that is it is not applicable to the current situation and yet another, albeit feeble, attempt by the prosecutor to mislead this Court. The Government has had access to the Facebook messages since December 2018. These messages are obviously exculpatory evidence and were not provided to the Defense, despite numerous requests, until November 2019.

### III.    Government misconduct directed toward Dr. Joshi, M.D., and others.

The Defense concedes that it is the prosecutor's discretion on whom to prosecute and whom to grant immunity in exchange for testimony; however, this testimony must be the truth. At this time, there appears to be sufficient evidence that the Government has relied on Patricia Dole who lacks credibility. In the Government's Motion, the prosecutor states that Ms. Dole did not consent to the marriage despite the fact that they have had clear documentary evidence of her consent on more than one occasion for over a year. Additionally, in case they did not see it, the same was provided, duly highlighted, to them on November 25, 2019. The Defense contends that the Government now committed a serious violation of the Constitution and their oath of office.

Under our Constitution, everyone is guaranteed a right to counsel. The Government's prosecutor stated, on the record in open court, that she had been making attempts to talk to the alleged victim, with the full knowledge that she had an attorney representing her, without that attorney present. This is yet another clear violation of an individual's Constitutional rights. The

Government argues that M.D. does not need a lawyer; however, a lawyer for any alleged victim is contemplated in the victim's rights statute and is common practice in these types of cases.

The Government, after having viewed the messages and pictures which were obviously a part of a constitutionally-protected marital communication, shared these with numerous individuals who were not directly connected to this case, like Mr. Adam Grayson and his team representing the State Board of Registration for the Healing Arts. Some of these individuals, including Mr. Grayson, are not even law enforcement agents. Therefore, the Government has violated the civil rights of this couple by invading their privacy and engaging in the distribution and transportation of constitutionally protected images.

The Supreme Court has long recognized the sanctity and privacy of marital communication and the fact that this privacy supersedes the disadvantages to the administration of justice. See Wolfle v. United States, 291 U.S. 7, 54 S. Ct. 279, 78 L. Ed. 617 (1934). Despite this, the Government chose and read out, in open court, several deeply intimate statements from the marital communications. The frequency and regularity of marital references in the communications makes it virtually impossible for the prosecution to be unaware that the communications were marital, or at least be concerned about it, even if they only did a simple cursory review. Consistent with their theme, the Government has not mentioned the marriage in any of court hearings and has continued to withhold potentially exculpatory evidence.

By attacking the marriage, chilling the voice of M.D., and ignoring the Fakebook evidence, the Defense submits that the Government engaged in improper conduct during the investigation and prosecution of this case. In order to draw attention away from this, they have chosen to throw out baseless allegations against the Defense and their alleged victim based on a self-concocted

5

conspiracy theory. The Government is upset because the alleged victim is advocating for her husband and claiming this as evidence of contact. The only thing this is evidence of is the love they both share for one another and their desire to live their life together as a family – nothing more, nothing less. The Government has, as noted above, gone to great lengths to break up this family, deny them their love and companionship, and deprive their child the love, comfort, and support of having both parents present in his life. If the Government would be honest and do an ethical job of evaluating this case, it should have been dismissed in December 2018. Yet, here we are one year later because they refuse to see and accept evidence, statements, opinions and beliefs contrary to theirs.

**IV.     The Government is trying to improperly inject the Court into plea negotiations.**

Paragraph 3, Subsection a. of the Government's motion should be stricken as a violation of Fed. R. Evid. 410 as plea discussions are confidential. Traditionally, the Court does not engage in plea discussions with the parties and Dr. Joshi contends this is an attempt by the Government to prejudice the Court against him. The Government filed a Motion for Inquiry attempting to raise these very same issues which were denied by the Honorable Noelle Collins.  The Government is now trying to get a second bite at the same apple. Dr. Joshi rejected the plea agreement in this case via a Frye hearing. Any discussions of plea negotiation proceedings are irrelevant.

**V.      M.D. is averse to the Government, but that does not mean there has been contact.**

The Defense has attached an Affidavit of Non-Prosecution and a letter from the alleged victim's counsel that was provided to all counsel of record, which contradicts the Government's position. See Exhibit 2.

First, the Government alleges that because M.D. has her own attorney advocating for her interests, and because her interests appear to align with those of Dr. Joshi, M.D.'s attorney must be mirroring the position of the Defendant and not acting with independence. In support of her position, the prosecutor relies on her own observations as she reports them to the Court.

Second, the Government alleges that a mutual interest between M.D. and Dr. Joshi regarding leniency toward him, or a dismissal of all charges, is evidence of contact. The alignment of interests between a defendant and a witness adverse to the Government should not be of surprise to the Government. The prosecutor has known since her first meeting with M.D. that M.D. was an adverse witness. M.D. has called defense counsel, just as she has reached out to the Court. See Exhibit 2. M.D. never wanted prison time or any other punishment for Dr. Joshi. According to M.D., the Government has intimidated and coerced her mother. Patricia Dole is not M.D.'s legal guardian and has not been so for some time following M.D.'s departure from the household. M.D. and Dr. Joshi do not need to have contact with each other to agree on the salient points of proposed punishment in this case. They do not need to have contact to be of the same mindset as to the Government dismissing the case. If $2 + 2 = 4$, and both Dr. Joshi and M.D. agree on the point, it is not evidence of contact between the two of them. If both see prison time for Dr. Joshi as bad for either of them or their family, it follows that their positions will align. In this case, to the chagrin of the Government, Dr. Joshi and M.D. are husband and wife per the order of the Kentucky Court. Their agreement on Dr. Joshi not going to prison is not strange. The Government's zeal in prosecuting Dr. Joshi's case, and now seeking to split up a married couple with a child, is the only strange phenomenon. With respect to contact by Defense Counsel with a Government witness,

Defense Counsel has equal right to interview witnesses as the Government[2]. Moreover, under the Sixth Amendment, Counsel has a duty to investigate the case which requires interviewing witnesses.

On November 22, 2019, Dr. Joshi filed motions to suppress evidence and a motion to dismiss the Government's Indictment. The Government complains that on November 26, 2019, four days later, M.D. and her counsel made similar arguments to those contained in one of Dr. Joshi's motions. Assuming that M.D. has responsible counsel, M.D.'s counsel would have read Dr. Joshi's pre-trial motions and likely discussed them with M.D. For M.D. to agree with the arguments which support Dr. Joshi, whose interests align with M.D., is not cause to allege contact between the two.

Dr. Joshi is also attaching the psychological evaluation that establishes Dr. Joshi is not a danger to the community and will be providing a DVD with interviews of co-workers, patients and friends from Kentucky that support that his bond should not be revoked. See Exhibits 4 and 5.

WHEREFORE, we request that the government's motion be denied.

Respectfully submitted,

By: /s/ John C. Schleiffarth
John C. Schleiffarth, P.C.
75 West Lockwood Avenue, Ste. 250
St. Louis, Missouri 63119
(314) 561-9690 Phone
(314) 596-0658 Fax

---

[2] "As a general rule, a witness belongs neither to the government nor to the defense. Both sides have the right to interview witnesses before trial. Callahan v. United States, 371 F.2d 658 (9th Cir. 1967); United States v. Long, 449 F.2d 288 (8th Cir. 1971), cert. denied, 405 U.S. 974 (1972). Exceptions to this rule are justifiable only under the "clearest and most compelling circumstances". Dennis v. United States, 384 U.S. 855 (1966). Where there is no overriding interest in security, the government has no right to interfere with defense access to witnesses. Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966), cert. [**11] denied, 396 U.S. 865 (1969) and United States v. Cook, 608 F.2d 1175, 1180 (9th Cir. 1979)

*/s/ Dan Juengel*
DANIEL A. JUENGEL (#42784MO)
Attorneys for Defendant
7710 Carondelet Avenue, Suite 350
Clayton, Missouri 63105
(314) 725-7777

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Colleen Lang
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

*/s/ Daniel A. Juengel*
Daniel A. Juengel