UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18CR0876 JAR ) |
| ASHU JOSHI, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO THE GOVERNMENT'S BOND REVOCATION MOTION**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said district, and files its Reply to Defendant's Response to the Bond Revocation Motion, Doc. #150.

## I. INTRODUCTION

On December 9, 2019, the defendant filed a response to the government's earlier request to revoke his bond. The defendant's response, which was unresponsive to the bond revocation issue, contained several inaccuracies. The Government persists in its bond revocation motion based on violation of the no-contact order and corrects the misrepresentations in defendant's filing.

1.      The Court held a hearing on May 13, 2019, regarding a letter from victim M.D. and defendant's request that defendant be present for the birth of her baby. The undersigned attorney had been told by M.D. that the defendant may or may not be the father of the baby and that was one concern brought up to the Judge at the hearing on May 13, 2019.  At no time during

1

that hearing did the defense argue that the defendant and the victim were married. After the matter, Magistrate Judge David D. Noce, ordered that there was to be no modification of the bond conditions. Doc. #94.

2. Ms. Patricia Dole has always been M.D.'s only legal guardian. Other relatives had a power of attorney over M.D. for short periods of time, but only for medical and educational purposes.

3. The defendant should have at least notified the pre-trial office about having "direct or indirect" contact with M.D., including the paternity testing. Defendant did not follow that Court Order. Doc. # 63. Defendant should have asked the Court or the Pre-trial Officer about modifying the condition regarding no indirect contact with M.D. before initiating indirect contact through his attorney in Kentucky.

4. The marriage appears fraudulent because there has been no evidence adduced that a marriage ceremony ever occurred and there are misrepresentations to the Court in Kentucky in the filings requesting that the earlier "marriage ceremony" be validated. This is discussed in the Government's earlier motion. Doc. # 131.

5. The Government had no knowledge the defendant and the victim had a November 8, 2019, Court Ordered "marriage" until November 22, 2019, when the defendant filed the Court Order with his motions.  Doc. #119. The Defendant continues to cite references to the words "husband and wife" in the Facebook messages as evidence that they are married. However, nowhere in the Facebook messages does either the Defendant or Victim state they are married or had a ceremony. In August of 2018, the two discussed that they planned to marry or become engaged.  Further, the defendant asked the victim to call him, "Daddy" in the Facebook messages.  The victim refers to the defendant as her "daddy" well over 60 times. The Defendant

is not the victim's father so the pet names they have for each other are little evidence of anything.

6. Ms. Patricia Dole was interviewed by an investigator on November 27, 2019. She told the investigator that: a) she is M.D.'s only legal guardian; b) she never consented for M.D. to marry the Defendant on June 23, 2018, and c) she had no knowledge they were married on June 23, 2018, or any other date. The messages the Defendant refers to in his response are from March of 2018 and describe a generic, "maybe if you get married someday" scenario. There is no message stating that Ms. Dole gave consent for anything to happen between the defendant and M.D. on June 23, 2018.

7. Contrary to defense counsel's false representation, the Government has provided the defendant access to the Facebook messages since it received them. Doc. #35, 64, and 113.

8. The undersigned has never talked to the victim without first asking her attorney since she has been represented.

9. The undersigned has never shared any of the images at issue in this case with Mr. Adam Grayson or anyone from the Board of Healing Arts. Despite being aware of this and being present at the Board of Arts hearings, defense counsel represented in his response that the undersigned, "shared these with numerous individuals not directly related to the case." That is utterly false. The government takes the requirements of the Adam Walsh Act very seriously. The images were not shown by the undersigned, who was not even notified of the Board of Healing Arts hearing. Defense counsel had the opportunity to object to anything that happened at the hearing.  The Board of Healing Arts served a subpoena for evidence associated with case on St. Louis County as part of lawful civil proceedings against the defendant.

## II.     CONCLUSION

In conclusion, the allegations in the defendant's response motion are not responsive to the issue of the defendant violating his bond condition, but consist of demonstrably false accusations.   The Government requests the defendant's bond be revoked for violating the "no contact" order.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

JEFFREY B. JENSEN
United States Attorney


*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney