UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CR0876   JAR |
| | ) | |
| ASHU JOSHI, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MEMORANDUM OF ARGUMENT IN SUPPORT OF BOND REVOCATION

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said district, and files its Memorandum of Argument in Support of Revoking the Defendant's Bond.

## INTRODUCTION.

A hearing was held on January 10, 2020, in front of Magistrate Judge David Noce upon the government's request.   The government had obtained information that the defendant had indirect communication with the victim without pre-trial's advance authorization and has committed a violation of the law.

## FACTUAL BACKGROUND.

On October 10, 2018, the defendant was brought to the St. Louis County Police Department for questioning in relation to an investigation involving child pornography distribution on Facebook.   The defendant confessed to the crimes during that police interview. The defendant told the investigator during on October 10, 2018, that he hoped to marry the

1

sixteen-year-old child victim ("M.D.") at some time in the future. October 26, 2018, Detention

Hearing Transcript (hereafter "D.H. Tr.") at 19.   No mention was made by the defendant that

the victim and the defendant were married or had participated in any ceremony.   The victim

was interviewed by police and investigators in October of 2018, she never mentions a marriage

or any ceremony occurring between her and the defendant.   January 10, 2020, Bond

Revocation Hearing (hereafter "B.R.H.").

On October 11, 2018, a criminal complaint was filed against the defendant and he was

taken into federal custody. The complaint alleged that the defendant had knowingly Produced

Child Pornography images of a sixteen-year-old female child. Doc. #1.   On October 24, 2018,

a federal grand jury indicted the defendant for: 1) Production of Child Pornography, 2)

Interstate Transportation of a Minor to Engage in Criminal Sexual Conduct, and 3) Distribution

of Child Pornography. Doc. #17. A detention hearing was held on October 26, 2018. Doc. #24.

At that detention hearing, counsel for the defendant asked Sgt. Kavanuagh, "And my

understanding is that they were engaged to get be married before he was arrested; is that

right?" D.H. Tr. at 19.

The defense called two witness to testify at the October 26, 2018, detention hearing,

neither of his witnesses knew anything about a marriage between the defendant and the victim.

D.H. Tr. at 56-73.   One of those witnesses was the defendant's brother. D.H. Tr. at 56.   The

defendant's brother testified that he has been around the defendant his entire life (other than

when he went off to school). D.H. Tr. 57. The defendant's brother testified that they are a close

family. D.H. Tr. 59.   The defendant's brother testified that they have regular contact.

D.H. Tr. at 61.   However, the defendant's brother was not aware that he was engaged to the

sixteen-year old victim. D.H. at 65. Nor was the defendant's brother aware that this victim was

2

pregnant with his brother's child. D.H. at 65.   The brother had never even met her. D.H. at 65.

On November 9, 2018, the defendant was released onto pre-trial release while awaiting trial. Doc. #42.   The defendant was directed not to have any direct or indirect contact with the victim. Doc. # 63.   On April 1, 2019, the defendant filed a sealed motion to modify the conditions of his release. Doc. #75. A hearing was held on that motion on May 13, 2019. Doc. #82.   The defense attorney cross-examined the investigator who testified at that hearing, and asked, "and your understanding that they had conversations about getting married, is that right?" To which the investigator responded, "Yeah, but I saw a text message where he asked her to marry her."   May 13, 2019, Bond Modification Hearing (hereafter "B.M.H.") at 23. The defense attorney further asked, "were a number of texts where he multiple times asked if she will marry him or they want to be married, is that fair?" B.M.H. at 46. There was no evidence induced at that hearing that they parties were married.   The Court denied the defendant's motion, and the bond condition regarding "no contact" with the victim remained in place. Doc. #94.

After several extensions, the Court denied, in part, the defendant's seventh request to continue the deadline to file his motions to suppress evidence and ordered them due on November 22, 2019. Doc. #111.   On November 22, 2019, the defendant filed a motion to suppress with a Court Order dated November 8, 2019, from Kentucky attached. This Court Order alleged that the defendant and the victim had participated in a solemnized marriage ceremony of marriage on June 23, 2018, and were married. Doc.# 117, 119, 120.   Neither the government nor the Pre-Trial office, had been notified that the defendant had initiated case proceedings with the victim in Kentucky. January 10, 2020, B.R.H.

The undersigned called the clerk's office in Kentucky to request a certified copy of the

3

Court file and was informed by the clerk that the Judge wanted a letter explaining why the undersigned needed a copy of the file. A certified copy of the Court file from Kentucky was sent to the government.   As testified to in the motion hearing on January 10, 2020, the defendant had filed the petition in Knox County Courts, Kentucky, on October 1, 2019. Doc. #131-2. The victim responded in an answer drafted by the defendant's attorney, the very next day. Doc. #131-3.   The defendant's petition does not contain the following: no mention of the criminal proceedings in federal court, no mention of the no contact order, and no mention that the victim is a minor. The petition states, "Petitioner and Respondent are not married, but participated in a solemnized ceremony of marriage on June 23, 2018…" Doc. #131-2.   The victim then filed a motion to recognize the marriage as legal on Doc. #131-4.   The victim was only sixteen-years old June 23, 2018.   The defendant was forty-six years old.   Testimony and evidence induced at the bond revocation hearing showed that the victim's guardian did not consent to the marriage.   In June of 2018, a guardian's consent was required by law in Kentucky for a child over the age of sixteen to marry.   K.R.S. Section 402.020(1)(f)(2). Without the guardian's consent, the marriage is prohibited and void. K.R.S. Section 402.020(1).

A video of a November 8, 2019, court hearing in the Knox County, Kentucky courthouse was provided with the certified court file.   In that video, the victim is in Court with the defendant's attorney asking the Court to sign the order, which the defendant's attorney had drafted. Doc. #131-1.   The victim stated to Court there were no witnesses to the marriage and no pictures or video of the marriage. The investigator for the government testified on January 10, 2020, that she has not been able to locate any evidence of a marriage ceremony performed between the defendant and the victim on June 23, 2018. Numerous times after June 23, 2018,

4

the victim and the defendant discuss getting married in the future in their Facebook messages.

## ARGUMENT

The defendant has violated the conditions of his bond that he not have direct or indirect contact with the victim when he contacted her, through his attorney, to become "married" in the fall of 2019.   The Court Order was clear that the defendant was not to have "direct or indirect" contact with the victim. Doc. #63 at 2. The defendant violated that order by filing court proceedings in Kentucky against the victim. The defendant, at the very least, should have notified Pre-Trial services that court proceedings were going to begin in Kentucky against the victim. The defendant knew that he needed the Court's permission to have any contact with the victim since he filed an earlier motion to modify the conditions of his bond so he could have contact with her or their child. There was no evidence induced at that May 2019 hearing that the defendant and the victim were married. That fact would have been very important and incredibly relevant to that hearing. In fact, the only evidence of a marriage, was that the defendant had asked the victim to get married at some time in the future. The Court denied that motion to modify.   After that denial, just a few months later, the defendant intentionally did not motion the Court or tell Pre-trial Services when he contacted the victim through his attorney and through the court filings in Kentucky. Two people do not become "married" without some kind of contact, whether direct or indirect.

Secondly, the defendant violated state perjury laws when he filed fraudulent documents with the Court in Kentucky.   There is absolutely no evidence the victim and the defendant had a solemnized marriage ceremony on June 23, 2018. The defendant's own attorneys never acknowledged that he was married prior to the filings on November 22, 2019, and actually represented he was only engaged up until that point.   Neither the victim nor the defendant

5

acknowledged they were married after June 23, 2018, to anyone, ever.   The defendant's own brother, who claims to be close to him, did not know about any "marriage."   This is because they were not married.   The defendant and the victim were not married on June 23, 2018, and therefore, he continues to purport a fraud against the Kentucky Family Courts.

## <u>CONCLUSION.</u>

There was no June 23, 2018 marriage between the victim and the defendant and the defendant continues to perpetuate that lie in court. It is a violation of law, and his bond conditions. Further, the defendant had indirect contact with the victim on or about October 1, 2019, when he filed the petition for child custody and marriage without the Court or Pre-Trial's consent. Therefore, the defendant's bond should be revoked.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200

## <u>CERTIFICATE OF SERVICE</u>

6

I hereby certify that on January 24, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by email to counsel of record.

*s/ Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney