UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:18-cr-00876 JAR (NCC) |
| | ) |
| ASHU JOSHI, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S POST-HEARING MEMORANDUM IN RESPONSE TO MOTION FOR BOND REVOCATION**

COMES NOW Defendant, Ashu Joshi (Joshi), by and through counsel, and files the following post-hearing response to the Government's Motion to Revoke Pretrial Bond.

1. On December 2, 2019, the Government filed a Motion to Revoke Pretrial Bond. *See* Doc. Text 131.

2. On December 9, 2019, Joshi filed a Response to the Government's motion, *see* Doc. Text 150, and, on January 10, 2020, this Court held a hearing on the matter. *See* Doc. Text #172.

3. On January 24, 2020, the Government filed a post-hearing memorandum and advanced therein two claims in support of its motion: Joshi had indirect contact with the alleged victim, M.D., and committed perjury in a Kentucky State court by alleging that he and M.D. participated in a solemnized marriage[1] on June 23, 2018. *See* Government Memorandum Of Argument In

---

[1] Counsel cannot find in the Evidentiary Hearing transcript or the relevant court filings a Kentucky definition of the term "solemnized."

1

Support Of Bond Revocation at 6 [hereinafter Post-hearing Memorandum].

4. Joshi denies both claims and maintains the Government has proved neither under the relevant burdens of proof.

### A.  Release Conditions Background

On November 9, 2018, this Court admitted Joshi to bail on a $100,0000 appearance bond, secured by a $10,000 deposit, and a combination of conditions of release designed to reasonably assure his appearance as required and the safety of any other person or the community. *See* Order Setting Conditions Of Release at 3 [Doc. Text #42]. Conditions 1 and 5 are among the conditions of release this Court imposed. Condition 1 requires Joshi to "not violate…state law." Order Setting Conditions Of Release at 1 [Doc. Text #46]. Condition 5 prohibits him from "contact with the alleged victim, [M.D.], except under circumstances approved in advance by the Pretrial Services Office." Order Setting Conditions Of Release at 3 [Doc. Text #42].

### B. Argument

### 1. Joshi Did Not Violate Condition 5

At the January 10 hearing, the Government claimed Joshi indirectly contacted M.D. in connection with legal proceedings in which the Family Court Division of the Knox County Circuit Court of the Commonwealth of Kentucky determined his status as the father of M.D.'s child and validated his June 23, 2018 marriage to M.D.[2] The Government re-asserts this claim in

---

[2] The January 10 Evidentiary Hearing transcript reflects the following exchange between counsel for Joshi, Dan Juengel, and the Government's lone witness, United States Attorney's Office Investigator Donya Jackson:

Q. You don't have any surveillance to show that my client
has had contact with M.D., correct?
A. Correct.
Q. You don't have any witness that shows the two of them
have had contact, correct?

2

its post-hearing memorandum. *See* Post-hearing Memorandum at 6. But the Government's evidence at the January 10 hearing did not show Joshi contacted M.D in connection with the Kentucky court proceedings. Rather, it showed lawyers who had contact with Joshi and M.D. had contact with one another. According to the evidence, counsel appeared in Kentucky on Joshi's behalf and M.D. appeared pro se, after attorneys, but not Joshi, communicated with M.D. about the couple's joint legal interests. *See, e.g.,* EH Tr. at 15, 22. Condition 5 does not prohibit attorneys from contact with one another. Nor does it prohibit them from contact with Joshi and M.D. or from pursuing the couple's interests in court.³ As a result, the Government has not proved by clear and convincing evidence⁴ that Joshi contacted M.D. in violation of his conditions of release. *See* 18 U.S.C. § 3148(b)(1)(B) (requiring the Government to prove by clear and convincing evidence that a person has violated a general condition of release).

---

A. Correct.
Q. And the sole basis for the indirect contact is this court proceeding; is that right?
A. Correct.
Q. And your understanding is the court proceeding was --
the defendant wasn't there for those proceedings, right?
A. Correct.

Evidentiary Hearing Transcript at 47 [hereinafter EH Tr.].

³ Indeed, well before January 10, the Government itself suggested the couple obtain a court determination of Joshi's then-alleged status as the father of M.D.'s child. *See id*. at 27-28. Likely, the Government would not have suggested the couple do so if it thought Joshi would violate his conditions of release in the process.

⁴ The clear and convincing standard represents a heightened burden of proof and, within the Eighth Circuit, has been characterized as "evidence which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Cornell v. Nix*, 119 F.3d 1329 (8ᵗʰCir. 1997) (citation omitted).

## 2. Joshi Did Not Violate Condition 1

The Government alleges Joshi violated Kentucky law by falsely representing to the Family Court Division of the Knox County Circuit Court of the Commonwealth of Kentucky that (1) he and M.D. participated in a solemnized marriage on June 23, 2018 and (2) M.D.'s mother consented to his marriage to M.D. *See* Post Hearing Memorandum at 6. At the January 10 hearing, the Government advanced its claims through the testimony of Donya Jackson (Jackson), an investigator in the Office of the United States Attorney. Jackson's testimony centered on two discrete allegations: the claimed absence of a marriage record at the Bowling Green Hindu temple and the affidavit-based claim of M.D.'s mother to have never consented to the marriage of Joshi and M.D.

### a. The Alleged Absence Of A Record At The Bowling Green Hindu Temple

According to Jackson, an unnamed FBI agent interviewed an unnamed man who Jackson herself neither met nor spoke with, but whom she described as the Hindu "temple records keeper" in Bowling Green, Kentucky. *See* EH Tr. 16-17. According to the latter, "there's a custom," but no apparent rule or requirement, that "if a priest were…to [conduct an] offsite [ceremony] there would be records of that…, and there were no records found." *Id*. at 17. Jackson did not describe or testify to firsthand knowledge of the thoroughness of the "records keeper's" search or how often the temple fails to follow its claimed custom. Nor did she testify to firsthand knowledge of the number of Hindi marriages in the Bowling Green area in which the temple does not participate or even if the Bowling Green temple was up and running on or around June 23, 2018 - the date of Joshi's and M.D.'s marriage and a matter worth investigation, given a local NBC news affiliate story that fixes the open date of the first Hindu temple in the

4

Bowling Green area to after October 2019.[5] *See id*. Under all the circumstances - including the marriage determination of the Family Court Division of the Knox County Circuit Court and the sworn statements of Joshi and M.D. - Jackson's third-hand hearsay testimony about the inability of an alleged record keeper to find a document purportedly kept by custom in a temple that may or may not have been open in June 2018 does not establish probable cause to believe that Joshi perjuriously claimed to the Kentucky family court to have a participated in a solemnized marriage on June 23, 2018. *See* 18 U.S.C. § 3148(b) (requiring the Government to show "probable cause to believe that the person committed a Federal, State, or local crime while on release" before a court may revoke bond).

### b. Patricia Dole's Alleged Lack of Consent To Joshi's Marriage to M.D.[6]

The statement of M.D.'s mother, Patricia Dole (Dole), does not change the score. According to Jackson, Dole submitted a sworn affidavit in which she claimed she never gave "her daughter consent to marry." EH Tr. at 18-20. But Jackson also testified that Dole gave her daughter permission to marry on at least one occasion, and Jackson could not produce a revocation of that consent between the date Dole gave it and the date of her daughter's marriage: June 23, 2018. *See id*. at 38-39. Moreover, law enforcement initially focused on Dole as a target in its investigation, and, in response, Dole hired a lawyer who, at present, still represents her. *See*

---

[5] According to WNKY 40, the Bowling Green, Kentucky NBC affiliate, "the only Hindu Temple in Bowling Green [did not] open its doors" until after October 8, 2019. *See* City's First Hindu Temple to Open Soon, available at www.wnky.com.citys-first-hindu-temple-to-open-soon/. If so, this might provide one reason why the temple could not find a customary record of a June 23, 2018 marriage.

[6] From the documents in counsel's possession, it does not appear Joshi represented to a Kentucky court that Dole consented to his and M.D.'s marriage. Thus, this particular allegation does not seem to relate to a violation of condition 1. Still, since the government has raised the issue in its motions and memorandum and at the January 10 hearing, Joshi addresses it too.

5

*id*. at 43-44. The statements Dole has made since the investigation began thus warrant cautious consideration - particularly since they contradict statements made prior to the investigation, and she has never submitted herself to cross-examination or a court assessment of her credibility. In short, the parties dispute whether Dole consented to her daughter's marriage. But, on the evidence presented at the January 10 hearing, their dispute does not establish probable cause to believe Joshi misrepresented Dole's position to a Kentucky court in connection with his marriage to M.D.

### C.  Conclusion

WHEREFORE, Defendant, through counsel, respectfully requests this Court deny the Government's Motion to Revoke Pretrial Bond.

Respectfully submitted,

ROSENBLUM, SCHWARTZ AND FRY, PC

By: /s/ *Adam D. Fein*
ADAM D. FEIN, #52255 MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/Facsimile (314)862-8050
Email: afein@rsflawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2020, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Colleen Lang and Mr. Howard Marcus, assistant United States attorneys.